UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID CAMACHO,

        Petitioner,

v.                                    Case No:  2:10-cv-488-FtM-38UAM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

        Respondents.

_____/

**OPINION AND ORDER**[1]

## I.    STATUS

      David Camacho (hereinafter "Petitioner" or "Defendant"), proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on June 11, 2010.[2]  Petitioner raises ten grounds of ineffective assistance of counsel challenging his judgment of conviction after a jury trial of sexual

_____

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

[2] The Petition was filed in this Court on June 14, 2010; however, the Petition is considered filed when delivered to prison authorities for mailing and, absent evidence to the contrary, is assumed to be the date the inmate signed the document.  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

battery on a child under the age of 12 and lewd or lascivious molestation on a child under the age of 12 entered in the Twentieth Judicial Circuit Court, Collier County, Florida.   Petition at 1.   Respondent filed a Response to the Petition (Doc. #28, Response), and attached exhibits (Doc. #30, Exhs. Vol. I-IV, 1-18) consisting of documents from trial, the trial transcript, and postconviction records.   Respondent argues that none of the grounds for relief satisfy 28 U.S.C. § 2254(d)(1) or (2). Petitioner has not filed a Reply and his time for doing so has expired.[3]   This matter is ripe for review.

## II. Procedural History

An information charged Petitioner with two counts in case number 03-207CFA: a violation of Florida Statute § 794.011(2) and § 800.04(5)(b).[4] Exh. I, Vol. I at 28-29. Petitioner plead not guilty, id. at 24, and proceeded to a jury trial on April 20 through the

---

[3] On August 10, 2010, the Court directed Petitioner to file a Reply to Respondent's Response within twenty-one days from the date the Response was filed. See Doc #10 ¶7.  Petitioner failed to file a Reply, or move for an enlargement of time to do so.  See docket.  On February 7, 2013, the Court entered an Order directing Petitioner to show cause within fifteen (15) days why his petition should not be dismissed for lack of prosecution for failure to file a Reply.  Petitioner responded to the Court's Show Cause Order by filing a "motion for rehearing" (Doc. #32) and t hen a notice of supplement (Doc. #33).  Because the Court is not enforcing its Order to Show Cause, the Court denies Petitioner's motion for rehearing as moot and strike his notice of supplement.

[4] The warrant alleged that between December 1, 2001 and April 30, 2002 in Collier County, Florida, being eighteen years or older Petitioner: (1) did unlawfully commit a sexually battery upon JS, a child less than 12 years of age, by  putting his mouth/tongue inside or in union with her sexual organ in violation of Fla. Stat. § 794.011(2); and, (2) did intentionally touch in a lewd or lascivious manner breasts/vaginal area, of a person, JS less than 12 years of age, or forced or enticed a person, JS under 12 years of age to so touch the perpetrator, contrary to Fla. Stat. § 800.04(5)(b).  Exh. 1, Vol. I.

21st of 2004.  Exh. 1, Vol. III-Vol. IV.  The following witnesses testified for the State at trial: the nine-year old victim, JS, who was a friend of the Petitioner's daughter and 7 at the time the crime occurred; HL, the victim's mother; Brenda Kureth, an investigator with the Collier County Sheriff's Office; HT, the adult niece of Petitioner who had similar experiences with Petitioner when she was between 7 and 8 years old; and, Gary Carter, an inmate located in the same cellblock with Petitioner at the Collier County Jail who testified that Petitioner admitted to him that he "fondled" or "fingered" JS . See generally Exh. 1, Vol. III.   Defense witnesses included Petitioner's wife of twenty years and Petitioner.  Exh. 1, Vol . IV.  The jury found Petitioner guilty as charged.  In accordance with the jury verdict, the court sentenced Petitioner to life in prison on the sexual battery count and a concurrent twenty-five year sentence on the lewd and lascivious count. With the assistance of counsel, Petitioner pursued a direct appeal.  Exh. 7.   The appellate court *per curiam* affirmed Petitioner's conviction and sentence.  Exh. 10, Camacho v. State, 969 So. 2d 1025 (Fla. 2d DCA 2007).

Petitioner, proceeding *pro se*, then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 raising ten claims of ineffective assistance of trial counsel.  Exh. 12.   The postconviction court dismissed grounds seven, eight, nine, and ten as facially insufficient, directing Petitioner to file an amended motion with respect to these claims within thirty days. Exh. 13(a). Petitioner failed to do so.  See Exh. 14. After review of the record and the State's brief in response, the postconviction court entered an order summarily denying Petitioner relief on the merits of grounds one through six, and affirmed its prior order dismissing grounds seven, eight, nine, and ten as facially insufficient.  Id.  Petitioner appealed the postconviction court's

order of denial, and the appellate court *per curiam* affirmed without written opinion. Exh. 16, Camacho v. State, 36 So. 3d 93 (Fla. 2d DCA 2010).

### III.  Applicable § 2254 Law

**A.  Exhaustion and Procedural Default**

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'" Walker v. Martin, ____ U.S. ____, 131 S.Ct. 1120, 1127 (2011)(quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)).   This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005).  "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."  Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983).  A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement."

Duncan v. Henry, 513 U.S. 364, 366 (1995)(per curiam).   "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"   McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine."   Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002).   Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ."   Smith, 256 F.3d at 1138.   A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.   First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error.   House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). In Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1318 (2012), the Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland." Id. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner

must demonstrate that the claim has some merit." Id.   Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice.   House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### B.  Deferential Review Required By AEDPA

Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).   Consequently, post-AEDPA law governs this action.   Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007);   Penry v. Johnson, 532 U.S. 782, 792 (2001);   Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).   Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted).   See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").   "Section 2254(d) reflects the view that

habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington, 131 S.Ct. at 786 (quoting Jackson v. Virginia, 443 U.S. 307, 332, n. 5 (1979)).

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from

Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770.   First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision.   Id. (citations omitted).   More specifically, Petitioner must "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 770, 786-87.   Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005).   The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

### C.  Ineffective Assistance of Counsel Claims

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).   Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).   Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668

(1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. 4, 7 (2009); Cullen v. Pinholster, 131 S.Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices."  Bobby Van Hook, 558 U.S. at 9 (internal quotations and citations omitted).   It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable."  Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial

scrutiny.  Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).   Because a Petitioner's failure to establish either deficient performance or prejudice is fatal to a Strickland claim, we need not address both Strickland prongs if petitioner fails to satisfy either one of them.  See Windom v. Sec'y Dep't of Corr., 578 F.3d 1227, 1248 (11th Cit. 2009).

### III.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court.  Schriro v. Landrigan, 550 U.S. 465, 473-475 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.  Schriro, 550 U.S. at 474-475; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

At the outset the Court notes that Petitioner fails to identify in any of his grounds for relief how the state courts erred.  In particular, Petitioner does not identify any errors in the state court's factual findings, nor does he allege yet alone "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Harrington v. Richter, 562 U.S. ___, 131 S.Ct. 770, 786-87 (2011).  Nonetheless, in an abundance of caution, the Court will address each of the grounds for relief.

### A.  Ground One

Petitioner argues that trial counsel rendered ineffective assistance by not "raising and arguing Double Jeopardy" on count two of the indictment before trial.  Petition at 5.  Petitioner argues that count two occurred out of the same criminal episode as count one and, therefore, violates the Double Jeopardy Clause.  Id.  In other words, Petitioner specifically challenges his lewd and lascivious molestation conviction as a violation of double jeopardy because he was also convicted of sexual battery.  Respondent summarizes that Petitioner "faults his counsel for not raising, prior to trial, an anticipatory claim that a conviction on count two would run afoul of the proscription against double jeopardy [if he were convicted of the sexual battery count]."  Response at 15.

Petitioner raised this claim alleging ineffective assistance of trial counsel as his first ground for relief in his Rule 3.850 motion.  Exh. 12 at 6.  In denying Petitioner relief on this claim, the postconviction court ruled as follows:

> [T]he Defendant claims that counsel was ineffective for
> failing to raise a double jeopardy issue with regard to Count

II of the charging document.   Specifically, the Defendant argues that trial counsel should have argued that Count II was committed in the same time frame as Count I and therefore represents "one criminal act and one criminal episode" violating his double jeopardy rights.   However, this claim is conclusively refuted by the record because counsel made this exact argument prior to sentencing, which the Court ultimately denied.   Trial counsel filed a motion to set aside the Defendant's conviction on Count II, Lewd or Lascivious Molestation based on a double jeopardy violation on May 12, 2004.   At sentencing hearing held on June 7, 2004, trial counsel also argued that Counts I and II charged the same act, and that Counts I and II occurred in one continuations situation with no temporal break, essentially that they were part of the same incident. (Attached hereto is a copy of State's Exhibit B, Sentencing Hearing Transcript, pages 4-32).   Trial counsel argued that under either circumstance, sentencing the Defendant on both convictions would violate his double jeopardy rights.   The Court ultimately denied the Defendant's motions.   Since trial counsel raised this issue prior to sentencing, he cannot be deemed ineffective for failing to do so.   Therefore, since this ground is conclusively refuted by the record, the claim is denied.

Exh. 14 at 2-3. The appellate court *per curiam* affirmed.  Exh. 16.

Here, the postconviction court correctly cited to and reasonably applied the two-prong analysis of <u>Strickland</u>, finding defense counsel did not render deficient performance because he <u>did</u> raise the argument Petitioner claims counsel failed to raise. Exh. 14 at 2. The findings made by the postconviction court are presumed correct, and the record supports the court's findings.  Defense counsel raised a Double Jeopardy argument concerning the counts in the indictment on two occasions, at the close of trial before the jury began deliberations, Exh. 1, Vol. III at 258-259; and, at the sentencing hearing, Exh. 13 at 189-90.   The trial court initially rejected defense counsel's double jeopardy argument raised before the jury entered deliberations finding that the matter should be dealt with after the jury returned a verdict, and noted that

counsel could raise the argument later.   Exh. I, Vol. III at 259.   At the sentencing

hearing, the court rejected defense counsel's double jeopardy argument on the basis

that there were facts presented during trial concerning two different acts: petitioner's

mouth or tongue came in union with the victim's sexual organ, supporting count one;

and, that petitioner forced the victim to put her hands on his sexual organ, supporting

count two.  Id. at 216.  Thus, Petitioner's argument is refuted by the record because the

record shows that defense counsel did in fact raise this argument, but the trial court

rejected the argument.  To the extent Petitioner faults defense counsel's timing of the

argument, Petitioner cannot show prejudice because the trial court rejected the

argument each time it was raised.  Consequently, the State courts' decisions were not

contrary to or an unreasonable application of clearly established federal law, and the

Court denies Petitioner relief on Ground One.

### B. Ground Two, Ground Six, and Ground Four

The Court addresses Grounds Two, Six, and Four together because they pertain

to testimony from Gary Carter (Grounds Two and Six), and the State's rebuttal witness,

Tammy Edison (Ground Four).

In Ground Two, Petitioner argues that defense counsel rendered ineffective

assistance by failing to move to strike the State's witness, Gary Carter.  Petition at 7.

Petitioner submits defense counsel should have moved to strike Carter because he was

"unreliable" and "self-serving."  Id.  In Ground Six, Petitioner faults counsel for telling the

jury during his opening statement that Petitioner was incarcerated with Carter.  Id. at 14.

In Ground Four, Petitioner faults defense counsel for failing to "object" and "move for

mistrial" when the State prosecutor called his secretary to testify as a rebuttal witness

regarding the date discovery documents were mailed to Petitioner at the jail.  Id. at 10.

Petitioner raised Ground Two in his Rule 3.850 motion as the second ground.

Exh. 14 at 2-3.  In denying Petitioner relief, the postconviction court found as follows:

> [T]he Defendant claims that counsel was ineffective for failing to "strike the state's witness Gary Carter as unreliable and self-serving."  However, trial counsel has no valid legal basis upon which to move to exclude this testimony, and therefore, this claim is not a cognizable claim of ineffective assistance of counsel.  Whether a witness's testimony is credible, reliable, or self-serving is a question for the trier of fact.  It is not a basis for excluding a witness, so long as his testimony is relevant, but simply goes to the weight of the evidence.  The jury is instructed to decide what evidence is reliable in the Standard Jury instruction 3.9, and must also decide how much weight to give such evidence.  Since the reliability of Gary Carter's testimony was not a basis for excluding it, counsel cannot be deemed ineffective for failing to raise such a meritless claim.  Raleigh v. State, 932 So. 2d 1054 (Fla. 2006).  Accordingly, the Defendant has failed to satisfy either prong of the Strickland test and this claim is denied.

Exh. 14 at 3.  The appellate court per curiam affirmed.  Exh.  16.

Here, the postconviction court correctly cited to and applied the two-prong

analysis of Strickland. Exh. 14 at 3. The findings made by the postconviction court are

presumed correct, and the record supports the court's findings.  There was no basis for

defense counsel to "move to strike" Carter due to questions about the witness'

credibility.  Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2000)(finding "[c]ounsel

was not ineffective for failing to raise these issues because they clearly lacked merit.");

Meeks v. Moore, 216 F.3d 951, 968 (11th Cir. 2000)(affirming district court's assertion

that counsel has no duty to bring forth non-meritorious motions).  Consequently, as the

postconviction court reasonably found, Petitioner has not satisfied either prong of Strickland.

Further, the record shows that defense counsel adequately cross-examined Carter about matters that could have made the jurors question Carter's creditability. The jury heard that Carter was incarcerated with Petitioner at the Collier County Jail. See Exh. 1, Vol. III at 238-240.  Carter testified that Petitioner admitted to him that he "fondled" and "molested" victim JS.  Id. at 239-240, 243.  Later, Carter explained that Petitioner admitted that he "fingered" the victim.  Id. at 250-251.  Due to defense counsel's questioning, testimony was introduced that Carter had received a prior jail house confession from another inmate.   Defense counsel pursued this line of questioning to insinuate that Carter fabricated jail house confessions in order to receive favor with the State on his own criminal conviction and sentence. Id. at 241-242, 245. Carter in fact acknowledged that it was "in [his] best interest" to testify about Petitioner's jail house confession.  Id. at 249.  Thus, due to defense counsel's cross-examination of Carter, the jury was presented with testimony that could have made them question his credibility.  Nevertheless, the jury found Petitioner guilty.  Based on the foregoing, the State courts' decisions were not contrary to or an unreasonable application of clearly established federal law, and the Court denies Petitioner relief on Ground Two.

Petitioner raised Ground Six in his Rule 3.850 motion as his sixth ground for relief.  The postconviction court denied Petitioner relief as follows:

> [T]he Defendant asserts that trial counsel was ineffective for "informing the jury during opening statements that the Defendant was incarcerated with State prosecution witness Gary Carter."  The Defendant claims that counsel prejudiced his trial by informing the jury that the Defendant was incarcerated.  Although trial counsel did discuss the fact that

the Defendant was incarcerated with Gary Carter during his opening statement, the Defendant could not have been prejudiced by the discussion because he was in fact incarcerated with the witness on the charges pending in this case and that fact was crucial to trial counsel's cross-examination of the witness.  The focus of trial counsel's cross-examination of Gary Carter was his criminal history and the fact that he was incarcerated with the Defendant. (Attached hereto is a copy of the State's Exhibit A, Trial Transcript, pages 240-246).  Trial counsel also elicited from Carter that he had previously received a jailhouse confession from another inmate (transcript page 241) which went to the bias of Gary Carter testifying against the Defendant.   Furthermore, such a reference to the Defendant's pretrial incarceration would not have constituted reversible error, even if trial counsel had raised it in an objection, and could not have affected the outcome of the trial.  See Snipes v. State, 733 So. 2d 1000 (Fla. 1999).  The Defendant has failed to demonstrate either prong of the Strickland test, and therefore, this claim is denied.

Exh. 14 at 5.  The appellate court *per curiam* affirmed.  Exh.  16.

Here, the postconviction court correctly cited to and reasonably applied the two-prong analysis of Strickland. Exh. 14 at 5.  The findings made by the postconviction court are presumed correct, and the record supports the court's findings.   The record reveals that part of the defense counsel's strategy for undermining the credibility of Carter included the possibility that Carter learned about Petitioner's case from discovery documents left in Petitioner's cell.  In order to present this theory of defense to the jury, defense counsel had to explain that Petitioner was incarcerated with Carter.  Exh. 1, Vol. III at 250.   Nonetheless, it would have been impossible for the jury not to be informed about Petitioner's pre-trial incarceration, because, as discussed, Carter's testimony involved a jail house confession from Petitioner.  Moreover, as discussed below, the jury also learned that Petitioner was released from custody pending the trial.  Based on the foregoing, the State courts' decisions were not contrary to or an

unreasonable application of clearly established federal law, and the Court denies Petitioner relief on Ground Six.

In Ground Four, Petitioner faults defense counsel for not objecting, and/or moving for a mistrial when the prosecutor called his secretary, Tammy Eidson, as a rebuttal witness. Petition at 10. Petitioner submits that Ms. Eidson's testimony bolstered the credibility of Gary Carter. Id.

Petitioner raised Ground Four in his Rule 3.850 motion as his fourth ground for relief. In denying Petitioner relief on this claim, the postconviction court found:

> [T]he Defendant claims that trial counsel was ineffective for failing to object to and move for a mistrial based upon the testimony of the prosecutor's secretary, Tammy Eidson, regarding the date on which discovery was released. Again, however, the record conclusively refutes this claim. Trial counsel twice objected to Eidson's testimony, however, the Court allowed her to take the stand. (See previously attached State's Exhibit A, Trial transcript (Vol. II), pages 41-44). Counsel cannot be deemed ineffective for failing to convince the Court to rule in his favor. Swafford v. State, 828 So. 2d 966 (Fla. 2002). Because Ground Four is conclusively refuted by the record, it is denied.

Exh. 14 at 4. The appellate court *per curiam* affirmed. Exh. 16.

Here, the postconviction court determined that Petitioner's claims were refuted by the record. The findings made by the postconviction court are presumed correct. The record reflects that defense counsel objected to the State calling Eidson as a witness. Exh. 1, Vol. IV at 44 (defense counsel renewing his objection to the witness). As discussed above, the defense's strategy with regard to Carter's testimony was that Carter learned about the crime Petitioner was accused of committing by reading Petitioner's discovery located in his cell. Exh. 1, Vol. III at 250. The State called Eidson as a witness regarding the date the State furnished discovery to the defense, March 12,

2003, which was <u>after</u> Petitioner had been released from jail.  Exh. 1, Vol. IV at 45-47.

Nonetheless, the record shows that counsel objected to the State calling Eidson as a

witness.  Based on the foregoing, the State courts' decisions were not contrary to or an

unreasonable application of clearly established federal law, and the Court denies

Petitioner relief on Ground Four.

### C. Ground Three

Petitioner claims that trial counsel rendered ineffective assistance by failing to

argue against the admission of testimony from HT, the adult niece of Petitioner who

testified about the sexual abuse she experienced at his hands as a child.  Petition at 8;

Response at 26.  Petitioner claims that defense counsel "did not put on any argument to

prevent the testimony of" HT.  Petition at 8.

Petitioner raised this claim in his Rule 3.850 motion as his third ground for relief.

Exh. 14.  In denying Petitioner relief on this ground, the postconviction court  found:

> [T]he Defendant asserts that counsel was ineffective for
> failing to argue against the admission of William rule
> evidence.  Specifically, the Defendant asserts that during the
> pretrial hearing counsel did not "put any argument or reason
> for not admitting the testimony of HT."[5]  However, this claim
> is conclusively refuted by the record.   Trial counsel
> presented argument and case law to the Court to support his
> request to exclude the testimony of HT. (Attached hereto is a
> copy of the State's Exhibit A, Trial Transcript, pages 5-44).
> In addition, counsel argued that due process warranted the
> exclusion of this witness's testimony (Transcript page 14),
> and that [the] purpose of the proposed testimony was to
> show that the Defendant had committed another crime.
> (Transcript page 15).   After extensive argument by both
> sides on this issue, the Court ruled that the testimony of HT
> was admissible (Transcript page 44).   Accordingly, trial
> counsel did argue against the admission of Williams rule

---

[5] Although the postconviction court's order included the full name of the witness,
this Court redacts the name.

> evidence and cannot be deemed ineffective purely because the argument did not prevail. Swafford v. State, 828 So. 2d 966 (Fla. 2002)("if counsel raises an issue the failure to convince the court to rule in an appellant's favor is not ineffective performance"). Since Ground Three is conclusively refuted by the record, it is denied.

Exh. 14 at 4. The appellate court *per curiam* affirmed. Exh. 16.

Here, the postconviction court determined that Petitioner's claim that counsel rendered ineffective assistance by failing to object to Williams rule evidence was refuted by the record. The findings made by the postconviction court are presumed correct. The record confirms that defense counsel objected to HT pursuant to the Williams rule. Exh. 1, Vol. I at 61-63; Exh. 1, Vol. III at 13-42. The trial court rejected defense counsel's argument. Exh. 1, Vol. III at 42-44. Petitioner does not present any argument concerning what he believed defense counsel should have argued instead of the argument counsel raised. Based on the foregoing, the State courts' decisions were not contrary to or an unreasonable application of federal law, and the Court denies Petitioner relief on Ground Three.

## D. Ground Five

Petitioner argues that defense counsel rendered ineffective assistance by failing to move for a mistrial based on prosecutorial misconduct when victim JS entered the courtroom to testify carrying a stuffed teddy bear. Petition at 12. Petitioner argues that this improperly "played with the sympathy" of the jury. Id.

Petitioner raised his argument in his Rule 3.850 motion as his fifth ground for relief. In denying Petitioner relief on this ground, the postconviction court ruled:

> [T]he Defendant argues that trial counsel was ineffective for failing to move for mistrial based on prosecutorial misconduct when the prosecutor allowed the 9 year old victim to enter the courtroom and take the stand with a

stuffed teddy bear.  However, trial counsel had no valid legal basis upon which to raise a claim of prosecutorial misconduct, and therefore, cannot be deemed ineffective for failing to do so.  Raliegh v. State, 932 So. 2d 1054 (Fla. 2006)(holding that counsel cannot be deemed deficient for failing to make a meritless objection).

Exh. 14 at 4.  The appellate court *per curiam* affirmed.  Exh.  16.

Here, the postconviction court correctly cited to and reasonably applied the two-prong analysis of Strickland.  Exh. 14 at 4. The findings made by the postconviction court are presumed correct, and the record supports the court's findings that counsel could not be deemed deficient for failing to move for a mistrial when the victim entered the courtroom with a stuffed teddy bear. Brownlee, 306 F.3d at 1066 (finding "[c]ounsel was not ineffective for failing to raise these issues because they clearly lacked merit."); Meeks, 216 F.3d at 968 (affirming district court's assertion that counsel has no duty to bring forth non-meritorious motions).   Based on the foregoing, the State courts' decisions were not contrary to or an unreasonable application of Strickland, and the Court denies Petitioner relief on Ground Five.

### E.  Grounds Seven, Eight, Nine, and Ten

The Court addresses Grounds Seven, Eight, Nine, and Ten together because the postconviction court dismissed all of these claims as facially insufficient.  These grounds alleged ineffective assistance of defense counsel for: failing to have him declared indigent to avoid imposition of costs of court reporter, among other fees (Ground Seven); failing to depose one of Petitioner's daughter's friends who would have testified about his "good character" (Ground Eight); failing to submit into evidence victim JS' school records showing that she was a behavior problem in school (Ground Nine); and, failing to "prepare" Petitioner before he testified at his own trial (Ground Ten).    Petition

at 15-21. The postconviction court initially ordered the Clerk to strike Grounds Seven, Eight, Nine, and Ten as facially insufficient and told Petitioner that he could file an amended Rule 3.850 motion in order to set forth facially sufficient claims within 30 days. See Exh. 13.  Petitioner did not do so.  Exh. 14 at 5-6.  Thus, the Court summarily denied these claims as facially insufficient in its order summarily denying relief on the remaining claims.  Id. at 6.

Initially, although the postconviction court denied Petitioner relief on these claims because they were facially insufficient, the claims are not procedurally-barred.  Pope v. Sec'y Dep't of Corr., 680 F.3d 1271, 1286 (11th Cir. 2012)(stating "[A] Florida state court's dismissal of a post-conviction claim for facial insufficiency constitutes—at least for purposes of the procedural default analysis—a ruling 'on the merits' that is not barred from our review."); see also Boyd v. Commissioner, 697 F.3d 1320, 1331 (finding district court erred in determining that collateral claims the Alabama collateral court dismissed as facially insufficient were procedurally barred); Borden v. Allen, 646 F.3d 785, 812-13 (11th Cir. 2011)(noting "[r]eliance on a rule of 'procedure' does not foreclose the possibility that a court is ruling 'on the merits.'").  Thus, the Court will now turn to consider whether the postconviction court's rejection of these claims as facially insufficient was contrary to or an unreasonable application of Strickland.

In Ground Seven, Petitioner argued that defense counsel rendered ineffective assistance by failing to have him declared indigent to avoid imposition of various defense costs, including the court reporter fee, transcript fees, and investigator.  Petition at 15.  Petitioner does not challenge the outcome of his trial in Ground Seven.  Instead, Petitioner challenges the fact that defense costs were imposed upon him because he

was not deemed indigent.   The postconviction court reasonably determined that the claim was facially insufficient <u>Strickland</u> claim.   Petitioner cannot show that but for counsel's failure to have him declared indigent, a reasonable probably exists that the outcome of his trial would have been different.   Consequently, the Court cannot say that the postconviction court's rejection of this claim as facially insufficient was contrary to or an unreasonable application of <u>Strickland</u>.   Petitioner is denied relief on Ground Seven.

In Ground Eight, Petitioner faults defense counsel for not calling or deposing one of his daughter's friends as character witness.   Petition at 17.   The Petition contains no other facts or argument concerning why counsel rendered deficient performance for failing to depose this child, or how the outcome of the trial would have been different, but for failure to depose her.   Even if this witness would have testified as to Petitioner's character, testimony that he did not molest another child who spent the night at his home would not be admissible to show that Petitioner did not molest the victim in this case at the time alleged.   Consequently, the Court cannot say that the postconviction court's rejection of this claim as facially insufficient was contrary to or an unreasonable application of <u>Strickland</u>.   Petitioner is denied relief on Ground Eight.

In Ground Nine, Petitioner faults trial counsel for failing to introduce into evidence the victim's school records, which he claims would reveal that she was a behavior problem in school.   Petition at 19.   Petitioner submits that these school records would have called the victim's credibility into question.   <u>Id.</u>   The Court cannot say that the postconviction court's rejection of this claim as facially insufficient was contrary to or an unreasonable application of <u>Strickland</u>. Assuming *arguendo* that the victim's school records would have been admissible and indeed revealed that she was a behavior

problem in school, the records could have just as easily supported the fact that she was a victim of molestation.  The introduction of these school records into evidence would not have changed the outcome of the trial.  Consequently, the Court cannot say that the postconviction court's rejection of this claim as facially insufficient was contrary to or an unreasonable application of <u>Strickland</u>.  Petitioner is denied relief on Ground Nine.

In Ground Ten, Petitioner claims that defense counsel rendered ineffective assistance of counsel for failing to "properly prepare" him to testify.  Petition at 21.  Petitioner alleges he was "left to wing his testimony without proper guidance."  <u>Id.</u>  The Petition contains no other facts in support of this claim.  <u>Id.</u>  The Court cannot say that the postconviction court's rejection of this claim as facially insufficient was contrary to or an unreasonable application of <u>Strickland</u>.  Petitioner's allegations are conclusory.  The record reveals that during Petitioner's direct examination, he testified that he did not touch the victim in any way.  Exh. 1, Vol. IV at 21.  He also testified that at no time did he pick the victim up by the breast area so she could get a can of soda from the refrigerator.  <u>Id.</u> at 30.  Petitioner further testified that he never told Gary Carter that he committed any crime against JS, and that Carter must have learned about the details of the crime from discovery left in his cell.  <u>Id.</u> at 31.   After hearing the evidence, the jury apparently found the victim's version of events more credible.  Petitioner does not show that but for defense counsel "preparing" him to testify, the outcome of the trial would have been different.  Consequently, Petitioner is denied relief on Ground Ten.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Florida Attorney General is **DISMISSED** as a named Respondent.

2.   The Court will not enforce its Order to Show Cause (Doc. #31), consequently Petitioner's motion for rehearing (Doc. #32) is **DENIED as moot** and notice of supplement (Doc. #33) is stricken.

3.   The Petition for Writ of Habeas Corpus is **DENIED with prejudice**.

4.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.   A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of August, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record